Approved: _____*Dina McLeod*_____
          Dina McLeod
          Assistant United States Attorney

Before:   HONORABLE SARAH L. CAVE
           United States Magistrate Judge
           Southern District of New York

**22 MAG 3000**

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

HASSAN CARTER,

           Defendant.

- - - - - - - - - - - - - - - - - x

**SEALED COMPLAINT**

Violation of
18 U.S.C. §§ 922(g)(1),
924(a)(2)

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

      JAMA JOSEPH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE
(Possession of a Firearm by a Felon)

      1.  On or about January 26, 2022, in the Southern District of New York and elsewhere, HASSAN CARTER, the defendant, knowing he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess a firearm and ammunition, to wit, a Luger 9mm semiautomatic firearm and approximately twelve rounds of Winchester 9mm ammunition which firearm and ammunition were in and affecting commerce.

      (Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

      The bases for my knowledge and for the foregoing charge are, in part, as follows:

      2.  I am a Detective with the NYPD and I have been personally involved in the investigation of this matter. This

affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers, witnesses, and other individuals, as well as my review of documents, photographs, videos, and recordings. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

       3. As set forth below, on or about January 26, 2022, HASSAN CARTER, the defendant, possessed a firearm in the vicinity of Prospect Avenue and East Tremont Avenue in the Bronx, New York, and threw the firearm toward a row of private residences as he was pursued by NYPD officers. Law enforcement officers apprehended CARTER, and shortly thereafter, recovered a loaded firearm near the entrance to one of the homes in that same row of private residences.

       4. Based on my participation in this investigation, including my review of documents, photographs, body-worn camera footage, as well as my conversations with other law enforcement officers, I know that the following events occurred on or about January 26, 2022:

<u>The Arrest</u>

       a. On or about January 26, 2022, at approximately 10:40 p.m., three NYPD police officers ("Officer-1," "Officer-2," and "Officer-3," and collectively, the "Officers") were working in the Bronx. The Officers were in uniform, in an unmarked police car. Officer-1 was driving, Officer-2 sat in the passenger seat, and Officer-3 sat behind the driver's seat.

       b. The Officers drove down East Tremont Avenue and made a left onto Prospect Avenue. On Prospect Avenue, a taxi cab was stopped, parked diagonally, in the middle of the street. A man (later identified as HASSAN CARTER, the defendant) stood outside the cab near the driver's side door.

       c. As the Officers' car approached the cab, CARTER walked onto the sidewalk and began walking in the opposite direction, past the Officers' car. As CARTER passed the police car, Officer-1 asked CARTER, in sum and substance, if everything was all right. CARTER responded, in sum and substance, that he was going to the recording studio. As CARTER responded, he began

2

walking faster, and at that point, had passed the entrance to the recording studio.

   d. Officer-1 put the car into reverse. As the car reversed, CARTER clutched the left side of his jacket. CARTER then changed direction again and began walking down the sidewalk. Officer-3 stepped out of the car and CARTER began to run. Officer-3 began to chase the defendant, shining his flashlight on CARTER's back as they both ran. Midway down the block, Officer-3 observed CARTER throw a black object over a fence in front of a private residence. Officer-3 heard the clink of metal hitting the ground and, as he ran, shone his flashlight quickly to the left, toward the residence. Officer-3 eventually caught up with CARTER and arrested him.

   e. As CARTER was being arrested by the other Officers, Officer-2 searched for the firearm. Officer-2 walked toward the rowhouses where CARTER had been observed tossing the black object and shone his flashlight along the front of the residences. Officer-2 eventually found a black handgun (the "Firearm") near the entrance to a private residence at 1981 Prospect Avenue. The Firearm was a Luger 9mm semiautomatic firearm with one round in the chamber and 11 rounds in the magazine.

### The Body Camera Footage

   f. I have also reviewed body-worn camera footage of Officer-3 related to the arrest of CARTER, which depicts the following, in substance and in relevant part:

   i. The Officers drove down Prospect Avenue. Officer-3 was in the backseat behind the driver's seat. Officer-1 stopped the car. CARTER walked by the Officers' car (in the opposite direction as the Officer's car was heading). Officer-1 backed up the car slowly and Officer-3 began to exit the car. As Officer-3 opened the car door, CARTER changed directions and walked quickly in the opposite direction down the sidewalk. Officer-3 exited the car and began to run after CARTER. Officer-3 chased CARTER down the sidewalk, shining his flashlight at CARTER's back.

   ii. CARTER ran past some rowhouses with a white metal fence in front. At this point in the footage, CARTER is visible on the video, but his actions are not clearly observable on the footage. As Officer-3 ran past the rowhouses, he flashed his light quickly to the left, toward the rowhouses. CARTER ran across the street and Officer-3 apprehended him.

3

    g. I have also reviewed body-worn camera footage of Officer-2 related to the arrest of CARTER, which depicts the following, in substance and in relevant part:

    i. Once Officer-3 exited the car, Officer-1 drove the Officers' car forward and then stopped it. Officer-2 exited the vehicle and assisted Officer-3 with the arrest. Officer-2 then walked over to the rowhouses where Officer-3 had earlier flashed his flashlight during his pursuit of CARTER. Officer-2 shone his flashlight through the fence in front of the rowhouses, walking down the row. Officer-2 paused for a moment at the residence at 1977 Prospect Avenue, then continued to the next home. Officer-2 then walked back down the row (still shining his flashlight), passing 1977 Prospect Avenue again and looking through the fence at 1981 Prospect Avenue. Officer-2 then opened the gate to 1981 Prospect Avenue and walked toward the downstairs front door. Officer-2 shone his flashlight down near the front door, at Firearm-1 on the ground. Officer-2 then said, in sum and substance, "I got it," and retrieved Firearm-1.

  5. I have reviewed criminal history records of HASSAN CARTER, the defendant, which show, among other things, that on or about March 27, 2006, CARTER was convicted of (1) distributing a controlled substance on or within 1,000 feet of school property, a felony in the third degree, in violation of New Jersey Code of Criminal Justice § 2C:35-7, and (2) unlawful taking of a means of conveyance, a felony in the third degree, in violation of New Jersey Code of Criminal Justice § 2C:20-10C, for which offenses he was sentenced principally to a term of imprisonment of three years.

  6. Based on my discussions with a Special Agent ("Agent-1") of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who reviewed photographs of the Firearm and a firearm examination report completed by the NYPD's Firearms Analysis Section, I know that Agent-1 has determined that Firearm-1 and the ammunition recovered from Firearm-1 were not manufactured in the State of New York.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of HASSAN CARTER, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

/s Jama Joseph (By Court with Authorization)
_____
JAMA JOSEPH
Detective
New York City Police Department

Sworn to me through the transmission
of this Affidavit by reliable electronic
means, pursuant to Federal Rules of
Criminal Procedure 41(d)(3) and 4.1, this
31st day of March, 2022

_____
THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5